## BUTLER AND ROBINSON v. RICKETS.

1. POST NUPTIAL CONTRACTS. A post nuptial contract if made for an honest purpose and a good consideration is valid as to the parties and their creditors.
2. SAME: CONSIDERATION. Money advanced by a woman before marriage and subsequent thereto, from her own estate is a sufficient consideration to support a post nuptial agreement.
3. SAME: POSSESSION. As to an attaching creditor of the husband, the possession by the trustee, or by the wife, of the property thus set apart to her use at the date of the levy of the writ is sufficient.
4. SAME. A post nuptial agreement vesting the title of property in a trustee to be held for the sole and separate use of the wife, in consideration of a sum paid, or secured to be paid, out of the separate property of the wife, is not a mortgage or deed of trust within the meaning of the registry laws of the State of Illinois.
5. VAGUE AND IMPERTINENT INSTRUCTIONS. Instructions which are vague and unintelligible, or which have no application to the facts of the case, should not be given to the jury.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 6.

FOR the facts see the opinion.

*B. W. Poor* for the appellant.

I. The deed of Loren G. Butler to his wife was fraudulent and void on its face, as against creditors, and ought not to have been admitted in evidence.

1. The *lex loci contractus* must govern. 2 Kent's Com.

575; *Pearsol* v. *Dwight*, 2 Mass. 84; *Andrews* v. *Jerome*, 4 Cow. 508, and the authorities cited in the note on page 511.

2. The common law prevails in Illinois, having been expressly adopted by statute. Purple's Stat. Ill. chapter 62 page 707.

3. Deeds and mortgages take effect in Illinois from the time of recording as to creditors and subsequent purchasers. Purple's Stat. Ill. chapter 24, section 23, page 159. There was no proof of the delivery or recording of the deed. *Heeley* v. *Scovil*, 4 Gilm. 475; *Hedge* v. *Drew*, 12 Pick. 141; *Hood* v. *Brown*, 3 Ohio R. 538. The mortgage certificate of acknowledgement by the grantor is no evidence of delivery. *Parker & wife* v. *Parker & wife*, Smith's L. C. 53; Purple's Stat. Ill. chapter 20, page 136.

4. The consideration recited in the deed is insufficient to uphold it as a voluntary post nuptial agreement against creditors. The proceeds of the wife's real estate, when converted into personalty, either by law, by herself, or by sale, becomes immediately the absolute property of the husband, unless there was a definite agreement and understanding at the time of the conversion to vest the proceeds within a reasonable time in other real estate, for the use of the wife. *Graham* v. *Dickinson*, 3 Barb. ch. R. 169; *Talbott* v. *Dennis*, 1 Carter 471; *Crosby* v. *Otis*, 32 Maine 256; *Shuttleworth* v. *Noyes & Downs*, 8 Mass. 229; *Martin* v. *Martin*, 9 Paige 473.

5. The deed in express terms provides that the possession shall remain with the grantor until a change of possession is directed by the wife, and so is fraudulent and void in law. 1 Litt. 242; 1 Scam. 296; 2 Kent Cow. 441.

6. The amount, character of the sale, and property conveyed, with the relation and position of the parties, stamps the transaction as fraudulent *per se*; and as against creditors no circumstances will repel the legal presumption, 5 Conn. 72; 3 John. Ch. 500.

II. The court erred in permitting the plaintiff to give evi-

dence of the acts of Cynthia Butler after the attachment and replevin of the property.

Plaintiff's counsel in his argument upon the instructions of the court involving the propositions above stated, cited the following additional authorities: 1 Wheat. Sel. 268; 2 Kent Com. 126, 162; *Burleigh* v. *Coffin*, 2 Foster N. H. 124; Story Eq. Jur. section 1405; Clancy's Hus. & Wife 1—4, 155; *Milner* v. *Milner* 3 T. R. 631; Bla. Com. 473; *Wood* v. *Warden's* Admr., 20 Ohio 527; Reeves Dom. Rel. 86; 8 Verm. 187.

*Wilson, Utley & Doud* for the appellants.[1]

LOWE, C. J.—On the 15th day of June, 1855, a portion of the property, of which a Circus establishment was composed, was attached at the suit of a creditor of Loren G. Butler, as his, the said Butler's, property. On the succeeding day it was replevied out of the possession of the sheriff by the plaintiff; the usual defence pleaded; the cause tried, verdict and judgment for plaintiff.

The appeal taken by defendant is founded upon exceptions that were taken on trial to the introduction of a portion of the plaintiff's evidence, and giving and refusing of certain instructions by the court.

The first objection relates to the competency of evidence of a certain post nuptial contract, entered into on the 19th day of February, 1855, between Loren G. Butler of the first part, and Cynthia Butler and E. D. Robinson, her trustee, of the second part which embraces the property in controversy, and was offered to show that the title of the same was in the plaintiff.

The exceptions to this instrument seem to be two-fold, one going to its validity, the other to its due execution and delivery. We do not discover that it is denied, or that it is pretended that a post-nuptial contract may not be as effectual and binding in law as an anti-nuptial contract, provided it is entered into for an honest purpose and for a valuable

---

1. No argument by counsel for appellees, was found by the Reporter, on the files of the court.

consideration. *Prima facie* this contract possesses these requisites, and appears regular upon its face. Counsel for the defense argue its illegality against creditors, because the registry laws of Illinois, where the instrument was recorded, require that mortgages and deeds of trust shall be acknowledged before a certain officer and recorded in a particular manner, and that this instrument has not been so acknowledged and recorded. But the plain answer to this is, that it is not a mortgage or a deed of trust given to secure a debt, but an absolute indenture to secure to the sole and separate use of the said Cynthia Butler, made through the medium of a trustee as next friend, the property therein described, for the consideration of five thousand dollars, which has been paid or secured for the benefit of the said Loren G. Butler, and on her separate property, which belonged to the said Cynthia before her marriage with the said Loren, and in which he had no interest reserved, nor over which he was to have any control.

Again, the introduction of this instrument as evidence was opposed upon the ground that its execution and delivery had not been proven. We see no defect in its acknowledgment and registration, and if this does not sufficiently meet these objections, the deposition of Mr. Hooper, who was the attorney who drew the instrument, proves expressly the execution.

The indenture upon its face shows that Mr. Robinson accepted of the trust, and it is found in the possession of the plaintiffs, all which we think makes this point reasonably clear.

The following instruction given for the plaintiff is made the ground of an exception :

"The plaintiff claims the property by virtue of a deed from her husband. This deed is good as between Mr. & Mrs. Butler ; whether it is good as against creditors depends upon the main question, which is, whether it was made in good faith and upon a good consideration, and whether the plaintiff had possession under the deed at the time of the levy of

Butler and Robinson v. Rickets.

the writ of attachment or whether it was made with the sole view of defrauding creditors; and whether Loren G. Butler was not in possession of the property, it was not necessary the possession should have passed at the time the deed was made; money advanced by the woman before marriage and subsequent thereto from her own estate would be a good consideration for a post nuptial agreement. A married woman may receive and hold personal property through a trustee, if made in good faith and upon a valuable and sufficient consideration." The court orally added, "there is nothing in the deed that makes it void on its face."

In argument, eight distinct objections are taken to this instruction, and are somewhat elaborately presented, but really they are so technical and refined that it is difficult to perceive what practical use or deduction can be made from them. We think the instruction contains good law and carefully guards the rights of the defendant.

Some nine of the defendants instructions were refused by the court, and as many perhaps given. It is unnecessary to report the instructions refused in order to give our view of them. One or two of them contain no proposition of law, others are so vague and unintelligible that they ought not to have been given, the rest contain good law but are inapplicable to the case. They could not have been given consistently upon the hypothesis that the post nuptial agreement was a valid and legal instrument. They undertake to state the rights of the husband at common law over the money and personal property of the wife; but for what purpose, when no question of that kind could arise from the issue, and when he had in this case surrendered those rights by his agreement?

The record and evidence in this case present the equities of the plaintiffs in a strong light, and have produced upon our minds the conviction that the judgment in their favor was a just one and ought not to be disturbed; we therefore felt that there was less necessity of answering the objections of the defendant more in detail.

                                      Judgment affirmed.